USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/3/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO VELASQUEZ ROSALES, *et al.*,

Plaintiffs,

v.

GERASIMOS ENTERPRISES INC. *doing business as* PITA PRESS, *ET AL.*,

Defendants.

No. 16-CV-2278 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On October 31, 2017, subsequent to a three-day bench trial in this action brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), the Court entered judgment in favor of Plaintiffs for a total amount of $363,755.00. Dkt. 82. Plaintiffs now seek an additional $38,450.20 in attorney's fees and costs. Dkts. 83–85. Defendants have not opposed the motion.

**DISCUSSION**

"Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorney's fees and costs incurred in successfully prosecuting wage-and-hour actions." *Escobar v. Fresno Gourmet Deli Corp.*, No. 16-CV-6816 (PAE), 2016 WL 7048714, at *3 (S.D.N.Y. Dec. 2, 2016); *see also* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees . . . ."). Plaintiffs prevailed at trial and are thus eligible to recover both

reasonable attorney's fees and costs. *See Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *1 (S.D.N.Y. Jan. 6, 2017).

**I. Attorney's Fees**

The starting point for determining the presumptively reasonable attorney's fees is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (citation and internal quotation marks omitted). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community for purposes of this inquiry is the Southern District of New York. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008). After determining the appropriate hourly rate, the Court must also examine whether the number of hours spent on the case was reasonable, which typically involves examining an attorney's billing records while "exclud[ing] excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Plaintiffs are seeking $34,555.20 in fees for the work of two attorneys from Michael Faillace & Associates, P.C.—partner Michael Faillace and associate Shawn Clark—as well for the work of unnamed paralegals. Faillace and Clark request hourly rates of $450 and $375, respectively, and ask for $175 an hour for paralegal work. Faillace is the managing partner of Faillace & Associates, P.C., and previously served as in-house employment counsel for IBM for

seventeen years. He has also taught employment discrimination as an Adjunct Professor at both Fordham University School of Law and Seton Hall University School of Law. Clark is a sixth-year associate at the firm.

Turning first to Faillace's requested rate, $450 per hour is, as this Court has recently noted, on the high end of the acceptable range. *Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017). Indeed, it may presently be the maximum rate for senior law firm attorneys in FLSA cases. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 27 (S.D.N.Y. 2015). In the *Mendoza* case, for example, which involved a one-day bench trial and a mid-five-figure damages award, the Court reduced Faillace's hourly rate to $400. 2017 WL 4685100, at *2. Although Faillace has received his $450 rate when he has secured favorable results after complex and extensive litigation, *see Najera v. 144 Ninth Gotham Pizza, Inc.*, 12-CV-3133 (DLC), 2017 WL 728703, at *2 (S.D.N.Y. Feb. 24, 2017), this case is not nearly so complicated, and the Court deems a reduction of Faillace's rate to $400 per hour appropriate.

Clark requests a rate of $375. In *Sevilla v. Nekasa, Inc.*, the Court reduced Clark's rate to $250, noting that other recent cases had "reduced Clark's hourly rate from $375 to between $200 and $250." 16-CV-2368 (AJP), 2017 WL 1185572, at *5–*6 (S.D.N.Y. Mar. 30, 2017). This Court will similarly award Clark fees at a rate of $250 per hour.

As for paralegal work, "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Long v. HSBC USA INC.*, No. 14-CV-6233 (HBP), 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016). Courts also "routinely reduce proposed rates where information regarding the paralegal's background and experience is not provided." *Navig8 Chems. Asia Pte., Ltd. v. Crest Energy Partners, LP*, No. 15-CV-7639 (PAE), 2015 WL 7566866, at *2 (S.D.N.Y. Nov. 24, 2015); *see also Gonzalez*, 112 F. Supp. 3d at 28–29

(reducing paralegal rates when a plaintiff's counsel failed to submit any relevant background information). Such information has not been provided here. The Court accordingly reduces the fee rate for the paralegal work to $100.

The number of hours spent on this case—89.85—is considerable, but appears reasonable and not excessive, redundant, or otherwise unnecessary in light of the number of Plaintiffs and a three-day trial that met with substantial success.

The final fee tabulations, then, are as follows: $5,400 (13.5 hours times $400) for Faillace, $14,562.50 (58.25 hours times $250) for Clark, and $1,810 (18.1 hours times $100) for the paralegals. That makes for a total fee amount of $21,772.50.[1]

**II. Costs**

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08-CV-9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Such expenses must be properly substantiated. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513 (GBD) (AJP), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012). Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items. *See Abel v. Town Sports Int'l, LLC*, No. 09-CV-10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012).

[1] The Court also notes that the breakdown of attorney's fees in Dkt. 85-1 appears to mistakenly calculate Clark's billing as though his proposed rate was $450 and not $375. In any event, this Court has calculated the fees based on the reduced rates discussed above.

The filing fee is reflected on the docket, Dkt. 1, and Clark has attested under penalty of perjury to the costs of the interpreters and the process servers, Dkts. 85, 85-1. The Court discerns no basis for concluding that these costs are unreasonable. Plaintiffs will receive the total proposed cost amount: $3,895.00. Combined with the fee amount, Plaintiffs will receive a total attorney's-fees-and-costs sum of $25,667.50.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted in the amount of $25,667.50. The Clerk of Court is respectfully directed to close item 83 on the docket and to terminate the case.

SO ORDERED.

Dated: January 3, 2018
New York, New York

Ronnie Abrams
United States District Judge